IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

```
IN RE:                                :
                                      :
    REDONDO CONSTRUCTION              :    CASE NO. 02-02887 (GAC)
    CORPORATION,                      :
                                      :
    Debtor                            :    CHAPTER 11
_____   :
                                      :
    GLODOMIRO OGANDO BATISTA,         :
    CARMEN OGANDO and                 :
    conjugal partnership composed     :
    by them,                          :
                                      :
    Plaintiffs                        :
                                      :
        v.                            :    ADV. NO. 05-00093
                                      :
    REDONDO CONSTRUCTION              :
    CORPORATION,                      :
                                      :
    Defendant                         :
_____   :
```

**DECISION AND ORDER**

I. <u>Background</u>

The controversy pending before this Court is a Motion to Dismiss (Docket #12) filed by debtor, Redondo Construction Corporation ("Redondo"). The creditors, Glodomiro Ogando Batista ("Ogando"), Carmen Ogando and their conjugal partnership (collectively "Plaintiffs"), filed the instant adversary proceeding for this Court to determine whether Redondo unlawfully dismissed Ogando based on age discrimination pursuant to P.R. Law Ann. tit. 29, § 146 and requesting damages in the amount of $600,000.00.

Plaintiffs filed the instant Complaint (Docket #1) on April 12, 2005, asserting that Ogando was an employee of Redondo from

February 10, 1995 to February 3, 2002, when he was fired. Plaintiffs assert that Ogando was 74 years old and that he was replaced by a 25 year old man to perform his duties. Thus, they contend that Ogando was unlawfully fired based on his age and that they are entitled to damages pursuant to P.R. Law Ann. tit. 29, § 146. Plaintiffs request that the Court enter judgment for the total amount of $600,000.00 in damages.

On July 26, 2005, Redondo filed a Motion to Dismiss (Docket #5), on the grounds that Plaintiffs had already filed two proofs of claim for the amounts owed. The first proof of claim was filed by Puerto Rico Department of Labor and the second proof of claim was filed by Plaintiffs, both for unsecured amounts. Redondo contends that the present case is a duplicate effort to collect the money. Therefore, Redondo requests that the Court dismiss the present adversary case.

On August 5, 2005, Plaintiffs filed an answer to the motion to dismiss (Docket #10), denying that this is a duplicate effort, as Redondo contends, because the proofs of claim filed were for severance pay, vacation and wages. Plaintiffs assert that the present adversary proceeding is an action for illegal dismissal based on age discrimination. Finally, Plaintiffs point out that Redondo consented to the filing of the present complaint, if it was filed before this Court. Thus, Plaintiffs request that the Court deny Redondo's motion to dismiss.

Finally, on November 18, 2006, Redondo filed a second Motion

to Dismiss (Docket #12), contending that both proofs of claim were filed after the bar date. Redondo also asserts that Plaintiffs' action for age discrimination under P.R. Law Ann. tit. 29, § 146 is barred because they had one year to file it after Ogando was dismissed from his job. Redondo maintains that Ogando was allegedly fired on February 3, 2002 and Plaintiffs did not file a motion for relief from stay until March 9, 2004, and the present complaint until April 12, 2005. Therefore, Redondo requests that the Court dismiss the present adversary proceeding with costs and attorney's fees.

II. <u>DISCUSSION</u>

The case before this Court relates to an age discrimination claim. The United States Code provide that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The Judicial Code differentiates between core and non-core proceedings. The Judicial Code includes a non-exhaustive list of core proceedings. <u>See</u> 28 U.S.C. § 157(b)(2). When a creditor files a proof of claim voluntarily, he consents to core-jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(O). Langenkamp v. Culp, 498 U.S. 42 (1990). Nonetheless, a bankruptcy court may not hear and determine a personal injury tort claim. See 28 U.S.C. § 157(b)(2)(O).

Section § 157(b)(2)(O) of the United Stated Code provides, in

3

relevant part, that a bankruptcy court may hear and determine "proceedings affecting ... the adjustment of the debtor-creditor ... relationship, except personal injury tort or wrongful death claims."  28 U.S.C. § 157(b)(2)(O). Thus, pursuant to 28 U.S.C. § 157(b)(5), "[t]he district court shall order that personal injury tort... claims shall be tried in the district court in which the bankruptcy case is pending..." Moreover, pursuant to 28 U.S.C. § 157(b)(2)(B), the liquidation of a contingent or unliquidated personal injury tort claim against the estate for purposes of distribution, is a non-core proceeding.

There are two interpretations of what is a personal injury tort. There are courts that limit personal injury tort claims to those involving only bodily injury. Those courts hold that a tort without trauma or bodily injury is not within the statutory exception for a "personal injury tort claim" under Section 157(b). See In re Atron, Inc. of Michigan, 172 B.R, 541 (Bankr. W.D.Mich. 1994) and Perino v. Cohen (In re Cohen), 107 B.R. 453 (S.D.N.Y. 1993). This "narrower" approach puts too much emphasis on a technical analysis of allegations of a complaint, often drafted before bankruptcy and before the "personal injury tort claim" issue even existed. Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.), 281 B.R. 154, 161 (Bankr. D.Conn. 2002).

The majority of courts interpret the term more broadly to include civil rights actions. See In re Sanjari, 2006 WL 1233928, 3 (Bankr. D.Mass. 2006) and Stranz v. Ice Cream Liquidation, Inc.

4

(In re Ice Cream Liquidation, Inc.), 281 B.R. 154, 161 (Bankr. D.Conn. 2002). In In re Ice Cream Liquidation, Inc., the court held that claims alleging that a debtor illegally discriminated against an employee on the basis of race, creed, disability or sex are personal injury tort claims. Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.), 281 B.R. at 161. Likewise, in In re Erickson, 330 B.R. 346, 349 (Bankr. D.Conn. 2005), an adversary proceeding was filed by a former employee seeking relief from the automatic say to litigate her employment discrimination claim against the Chapter 7 debtor in the state court forum. The court relying on In re Ice Cream Liquidation, Inc., held that it lacked subject matter jurisdiction to adjudicate the discrimination claim. In re Erickson, 330 B.R. at 349.  Thus, the court granted the relief from stay so that the former employee could liquidate her claim in the state court. Id. at 350.

This Court is persuaded to adopt the broader approach, finding that age discrimination claims are personal injury torts that are to be tried outside the bankruptcy court. Thus, this Court concludes that it does not have subject matter jurisdiction pursuant to 28 U.S.C. § 157. Consequently, this adversary will be certified to the district court pursuant to 28 U.S.C. § 157(b)(5). In that forum, Redondo may renew its motion to dismiss.

In relation to the other contentions made by Redondo, regarding the bar date for the filing of proofs of claim, those issues are properly determined in the legal case.

ORDER

WHEREFORE IT IS ORDERED that this Court has no subject matter jurisdiction  over the present adversary proceeding. Thus, it will be certified to the District Court.

SO ORDERED.

San Juan, Puerto Rico, this 29th day of June, 2006.

S/Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge